UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP ASHDOWN, | ) | |
| Plaintiff, | ) | 3: 10-cv-00164-ECR-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| PRISON HEALTH SERVICES, *et al*, | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    Application to Proceed *in Forma Pauperis***

Based on the financial information provided, the Court finds that plaintiff is unable to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.   Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less

stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Screening of the Complaint**

Plaintiff sues defendants Prison Heath Services, N.D.O.C. - W.S.C.C., Dr. Mar, Kathy King, and Veronica Van Horn in connection with alleged deliberate indifference to his serious, on-going medical needs. Plaintiff seeks monetary damages and injunctive relief.

**A.   Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has alleged an actual connection or link between each of the named defendants and the Constitutional deprivations he alleges.

### B. Count I

In count one, plaintiff alleges that the Warm Springs Correctional Center medical staff has violated his Eight Amendment right to be free of cruel and unusual punishment by demonstrating deliberate indifference to his serious medical needs. Plaintiff alleges that defendants have done so by failing to provide needed care for his leg braces, failing to properly note in his file the medicine refills that he has been promised, denying promised medical care related to his bowels, and failing to provide needed dentures. Plaintiff further claims that as a result he has suffered severe pain and damage to his mouth, hips, back, legs, feet, colon, and neck. Plaintiff states that he has exhausted the grievance process and will be permanently injured if he does not receive proper care.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

1  *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A]
2  complaint that a physician has been negligent in diagnosing or treating a medical condition does not
3  state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does
4  not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*,
5  429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995);
6  *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs.,*
7  *Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
8  establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332,
9  1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a
10 claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).
11     Deliberate indifference can be manifested by prison guards intentionally denying or delaying
12 access to medical care or intentionally interfering with the treatment once prescribed.  *Estelle v.*
13 *Gamble*, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical
14 treatment, the prisoner must allege that the delay led to further injury.  *McGuckin v. Smith*, 974 F.2d
15 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller*, 104 F.3d 1133,
16 1136 (9th Cir. 1997); *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.
17 1985).  The court finds that under the facts alleged by plaintiff, count one states a colorable Eighth
18 Amendment medical care claim.
19     **C.     Count II**
20     In count two, plaintiff repeats and expands his factual allegations regarding the damage and
21 suffering he has sustained from the deliberate indifference defendants have demonstrated to his
22 serious medical needs.  He does not allege other specific actions, or non-actions, by defendants, but
23 simply alleges that the neglect is ongoing.  The court finds, therefore, that count two does not state a
24 separate Eight Amendment claim upon which relief can be granted.  The court will, however,
25 construe count two as providing further factual allegations to support count one.
26 //

**D.     Count III**

In count three, plaintiff alleges that he suffers continued violations of his Eighth Amendment rights, and retaliatory abuse. He has kept complete records of all the kites, grievances and letters he has filed in his efforts to get medical help, and that he is now suffering retribution for filing those grievances.

As in count two, count three contains additional factual allegations concerning the injuries plaintiff has suffered due to defendants' deliberate indifference to his serious medical needs. It does not, however, contain specific allegations concerning actions by particular defendants. The court finds, therefore, that count three does not state a separate Eight Amendment claim upon which relief can be granted. The court will, however, construe count three as providing further factual allegations to support count one.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The court finds that under the facts alleged, plaintiff states a colorable retaliation claim.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate # 92361), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint. (Docket #1-1.)

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

7

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED:   October 28, 2010

_____
UNITED STATES DISTRICT JUDGE

_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____, )  Case No. _____
            Plaintiff,  )
                              )
v.                                    )  **NOTICE OF INTENT TO**
                              )  **PROCEED WITH MEDIATION**
_____  )
                              )
_____  )
           Defendants.  )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty  (20) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

.

10